### NARDI et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 12, 1926.)

No. 4583.

1. Witnesses ⬉269(2).

Where, in prosecution for conspiracy to obstruct justice by influencing witness to leave jurisdiction, testimony of witness, fixing material event after conversation with federal officer only as means of fixing time, did not justify cross-examination as to substance of conversation.

2. Witnesses ⬉254.

Inquiries by government's counsel in examining own witnesses, disclaiming knowledge of facts relied on by government, as to contradictory statements to government officers at previous time, but made five months after being informed of occurrence to which statement related, *held* erroneous, although made for alleged purpose of refreshing recollection.

Knappen, Circuit Judge, dissenting in part.

In Error to the District Court of the United States for the Western District of Michigan; Fred M. Raymond, Judge.

James Nardi and another were convicted of conspiracy to obstruct justice, and they bring error. Reversed and remanded.

N. C. Spencer, of Ft. Wayne, Ind. (A. F. Dixon, of Iron River, Mich., on the brief), for plaintiffs in error.

Edw. J. Bowman, U. S. Atty., of Grand Rapids, Mich.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. Dominick Sarvello was one of several Italians charged in the District Court for the Western District of Michigan with violating the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). John Special, a material witness for the government under subpœna, disappeared from the jurisdiction of the court during the term at which they were to be tried. Thereafter Sarvello and James Nardi were indicted for conspiracy to obstruct justice by corruptly influencing Special to leave the jurisdiction of the court. They were convicted and prosecute error.

[1] The evidence as to the existence of and defendants' participation in the conspiracy was sufficient to justify the submission of the case to the jury. We shall not refer to it except in so far as it relates to the other questions presented. The principal witness for the government was Tony Nardi, who claimed to have contributed to a fund which defendants collected to be used in procuring Special's failure to appear and testify. This witness stated that he remembered Rooney, a representative of the government who investigated Special's disappearance, and that it was after he had talked with Rooney that defendant Nardi paid back a part of the money the witness had contributed to the fund to be used for the purposes mentioned. On cross-examination, the witness was asked to state, as near as he could, what Rooney had said. To this question an objection was sustained, and it is contended that it was erroneously done on the theory that, as the money was returned to the witness after the latter had an interview with Rooney, the jury would naturally infer that Rooney coerced Nardi into returning it, and such an inference was necessarily prejudicial to defendants. We do not think what the witness said on direct examination would support the indicated inference, or, if so, prejudicial effect resulted. The evidence was brought out for the purpose of fixing the time of a material event, and had no connection with the case in any other aspect. To have permitted counsel to go into the substance of the conversation would have injected into the case matters wholly foreign to the issues on trial.

[2] The remaining assignments are based on the action of the trial court in permitting counsel for the prosecution, in examining three of his own witnesses, to inquire as to statements made by them five months after they were informed of the occurrences to which the statements related. These witnesses disclaimed knowledge of important facts upon which the government relied to prove its case. In each instance of disclaimer, counsel for the government asked the witness if he had not told the government agent, Rooney, at a specified time, certain facts contradictory of what the witness had just said, prefacing the inquiry with the statement, "to refresh your recollection." To these questions the defense objected and reserved exceptions. They were permitted by the court, as stated in ruling on the objections, for the purpose of refreshing the witnesses' recollection. The responses admitted the making of statements to Rooney, but did not fully affirm the inquiries. The government did not claim to be surprised by the testimony, nor did it offer in evidence the former statements as neutralizing its effect.

In Putnam v. United States, 162 U. S. 687, 16 S. Ct. 923, 40 L. Ed. 1118, it was held that a witness could not refresh his recollection by referring to statements made before the grand jury four months after the matters to which the statements related had been brought to his attention, the ground therefor being that the previous evidence would not support the probability that the witness' memory, if impaired at the time of the trial, was not equally impaired when his former testimony was given. To permit a witness thus to refresh his recollection would amount to the substitution of an unreliable statement for what the witness remembers and is prepared to say. The reason forbidding the use of such former statement for that purpose logically excludes inquiries embracing its substance; otherwise the thing directly impermissible would be made acceptable by indirection. We do not hold that such inquiries are prejudicial in every case, but, where the proof of guilt is reasonably disputable, the effect of repeatedly including contents of the statement in the questions, and thus indirectly placing the statement before the jury, cannot, we think, be otherwise than prejudicial. In Foster v. United States (6 C. C. A.) 178 F. 165, 101 C. C. A. 485, it was held that, as the contents of the statement were not given to the jury, "no prejudice could have resulted." The facts of this case lead, we think, to a different conclusion.

It is not necessary, as it was not in the Putnam Case, to define the circumstances under which one may introduce statements previously made by his own witness for the purpose of neutralizing or contradicting his evidence (but see Halbert v. United States [6 C. C. A.] 290 F. 765, and Beavers v. United States [6 C. C. A.] 3 F.[2d] 860), for it was

stated by counsel for the government that the purpose of his questions referring to the former statements was to refresh the recollection of the witnesses, and upon that ground they were permitted. This was error.

Reversed and remanded.

KNAPPEN, Circuit Judge. I concur in the view that there was sufficient evidence of the conspiracy and of defendants' participation therein to justify submission to the jury, but dissent from the reversal of the judgment on account of the examination of witnesses.